IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DYLAN M. SOVEY,                                              Civ. No. 3:14-cv-00303-CL

    Plaintiff,

                                                                                            **ORDER**

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

CLARKE, Magistrate Judge.

This matter comes before the Court on the stipulation of the parties (#36) that Plaintiff Dylan Sovey ("Plaintiff") be awarded $6,458.83 in attorney's fees and $400.00 in costs under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On February 21, 2014, Plaintiff filed a Complaint (#1) to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act.

Page 1 – ORDER

On March 9, 2015, this Court remanded (#34) Plaintiff's case for further administrative proceedings pursuant to the parties' stipulated motion (#33). On April 2, 2015, Plaintiff's attorney filed a stipulated application (#36) for EAJA fees.

## LEGAL STANDARD

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An EAJA fee award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the Court considers the hours expended, the reasonableness of the hourly rate charged, and the results obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to cases involving the EAJA). If the requested fees are not shown to be reasonable, then the Court may reduce the award. *See Hensley*, 461 U.S. at 433; *Atkins*, 154 F.3d at 988.

## DISCUSSION

It is undisputed that Plaintiff is a prevailing party. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). By stipulating to remand and the EAJA application, the Commissioner concedes its position in denying Plaintiff's application was not "substantially justified" and that no special circumstances render the requested award unjust. Having reviewed the stipulated motion, the Court finds Plaintiff's petition is proper and the amount requested is reasonable. Therefore, Plaintiff's application (#36) for EAJA fees is

GRANTED. Plaintiff is awarded $6,458.83 in attorney's fees and $400.00 in costs pursuant to 28 U.S.C. § 2412.

This award is subject to any offset allowed under the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Because Plaintiff assigned his EAJA fees to counsel (#36-1), this award shall be made payable to Plaintiff's attorney at the following mailing address:

>   Alan Stuart Graf, P.C.
>   208 Pine Street
>   Floyd, VA 24091

It is so ORDERED and DATED this 3 day of April 2015.

MARK D. CLARKE
United States Magistrate Judge