IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| DYLAN M. SOVEY, | Civ. No. 3:14-cv-00303-CL |
| Plaintiff, | |
| | ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case comes before the Court on an unopposed motion for attorney fees under 42 U.S.C. § 406(b) in the amount of $8,591.43, with the actual payment request of $2,132.60, the amount left after subtracting the $6,458.83 in EAJA fees that have already been paid to the plaintiff's attorney. Having reviewed the proceedings and the amount of fees sought, the Court

Page 1 – ORDER

concludes that the plaintiff's attorney is entitled to the fees requested. The motion (#41) is GRANTED.

## PROCEDURAL BACKGROUND

On February 21, 2014, the plaintiff filed his claim to obtain judicial review of a final decision of the Commissioner, which denied his application for Title XVI supplemental security income disability benefits under the Social Security Act. On March 5, 2015, the parties filed a stipulated motion to remand the case to the Commissioner of Social Security for further proceedings (#33); the Court remanded the case as requested (#34). On April 3, 2015, this Court granted a stipulated application for the plaintiff's attorney fees pursuant to EAJA in the amount of $6,458.83 (#39); the fees were assigned and made payable to the plaintiff's counsel. On October 18, 2016, the plaintiff's attorney filed this motion for attorney fees under 42 U.S.C. § 406(b).

## DISCUSSION

Under 42 U.S.C. § 406(b), a court entering judgment in favor of an SSDI claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002). Also in contrast to fees awarded under fee-shifting statutes, under which "nothing prevents the attorney for the prevailing party from gaining additional fees, pursuant to contract, from his own client," id. at 806, the court-awarded fee is the only way a successful SSDI attorney may recover fees for work

performed before the district court. Crawford, 586 F.3d at 1147. In fact, it is a criminal offense for an attorney to collect fees in excess of those allowed by the court. Id.; 42 U.S.C. § 406(b)(2); see also Gisbrecht, 535 U.S. at 806–07. Thus, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must offset any fees the attorney receives under Section 406(b) with any award the attorney received under EAJA "if the two were for the 'same work.'" Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012) (citing Gisbrecht, 535 U.S. at 796).

Under the Supreme Court's decision in Gisbrecht, the court first examines the contingency-fee agreement to determine whether it is within the statutory 25 percent cap. In this case, the plaintiff's counsel submitted the attorney-client contingent-fee agreement (#41-3); the agreement shows federal court appearance, followed by a favorable outcome, will result in a fee of "25% of the past-due benefits resulting from my claim or claims." Thus, the terms of the agreement are within the statute's limits.

The next step is to confirm that counsel's fee request does not exceed the statute's 25 percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Counsel has included the "Notice of Award" from the Society Security Administration (#41-5), which states the total retroactive benefits due to the plaintiff to be in the amount of $35,831.73. 25 percent of $35,831.73 is $8,957.93; the requested fee of $8,591.43 is therefore $366.50 under the 25 percent statutory limit.

An order for an award of benefits cannot be presumed to require a fee award of 25 percent of a claimant's retroactive benefits award, however, nor should the order for an award be viewed in isolation. Newton v. Colvin, 2013 WL 3119564 (D. Or. June 18, 2013). Counsel bears the burden to establish the reasonableness of the requested fee. Gisbrecht, 535 U.S. at 807.

While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. Id. at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Supreme Court's analysis in Gisbrecht:

> 1. the character of the representation, specifically, whether the representation was substandard;
> 2. the results the representative achieved;
> 3. any delay attributable to the attorney seeking the fee; and
> 4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

Crawford, 586 F.3d at 1151–53 (citations omitted). The Ninth Circuit, in Crawford, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

*Character of representation and results achieved.* In this case, counsel achieved a stipulated remand for further administrative proceedings and eventual payment of benefits, results which can only be described as successful and wholly positive. Moreover, there is no record of unreasonable delay on counsel's part in an effort to "profit from the accumulation of benefits during pendency of the case in court." Gisbrecht, 535 U.S. at 808. Rather, the record demonstrates diligent prosecution of the plaintiff's case. Thus, the record provides no basis for a reduction in fee due to the character of counsel's representation and the results achieved.

*Delay in seeking fee.* Per Local Rule 4000-8 in the District of Oregon, "Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable." Here, counsel received the Notice of Award on September 19, 2016 (#41-5), and counsel filed his application for the requested fee on October 18, 2016. Thus, counsel's October 18 filing date was timely and appropriate.

*Proportionality of benefits to time spent on case.* A district court may reduce a Section 406(b) award if "benefits ... are not in proportion to the time spent on the case." Crawford, 586 F.3d at 1151 (citing Gisbrecht, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order." Gisbrecht, 535 U.S. at 808. Here, because of counsel's work, the claimant was granted a substantial award of past-due benefits. Counsel submitted a timesheet representing counsel spent 34.8 hours working on the plaintiff's case (#41-1). Counsel has requested a fee of $8,591.43, which would result in an effective hourly rate of $246.88, within the hourly non-contingent billing rate charged by attorneys in Oregon, who, like counsel, have twenty-four years' experience. See Oregon State Bar, 2012 Economic Survey, https://www.osbar.org/_docs/resources/econsurveys/12economicsurvey.pdf (last visited Oct. 19, 2016). The amount is, therefore, clearly proportional and reasonable for the benefits ultimately awarded.

///

///

///

///

## CONCLUSION

Based on the foregoing analysis, the Motion for Attorney Fees (#41) is GRANTED. Counsel is awarded $2,132.60 under Section 406(b), the amount left after subtracting the $6,458.83 in EAJA fees that have already been paid to counsel from the $8,591.43 fee award.

It is so ORDERED and DATED this 19 day of October, 2016.

MARK D. CLARKE
United States Magistrate Judge